

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELIPE MORROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 152 |
| ) | |
| DAIMLERCHRYSLER CORPORATION ) | Judge Ruben Castillo |
| and JOHNSON CONTROLS, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Felipe Morrow ("Morrow") sued Daimlerchrysler Corporation ("Chrysler") and Johnson Controls, Inc. ("Johnson") (collectively, "Defendants") in the Circuit Court of Cook County, alleging state law claims of strict liability and negligence in the design and manufacture of a certain 1999 Chrysler 300M motor vehicle. (R. 1, Not. of Removal, Ex. A.) Chrysler filed a notice of removal to federal court on January 11, 2006, under 28 U.S.C. §§ 1441(a) and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332. (R. 1, Not. of Removal at ¶¶ 1, 5.) Morrow then filed the instant motion to remand.

## FACTS

The relevant facts here are undisputed. Morrow filed a complaint against Defendants on February 24, 2005, alleging state law claims of negligence and strict liability. In his complaint, Morrow alleged damages in excess of $50,000, together with interest and costs. (R. 1, Not. of Removal, Ex. A, Compl. at 3.) On May 2, 2005, Morrow's counsel issued a demand letter and package to Defendants' attorneys seeking settlement in the amount of $2.5 million. (R. 10, Mot. to Remand at ¶ 9, Ex. F.) Seven months later, on December 16, 2005, Chrysler filed with the

state court Morrow's responses to Chrysler's requests to admit, wherein Morrow denied that he sought damages against Defendants for an amount less than $75,000.[1] (R. 1, Not. of Removal, Ex. D at ¶ 2.) Chrysler filed its notice of removal to federal court based on diversity jurisdiction on January 11, 2006. (R. 1.) Johnson joined in Chrysler's notice of removal the next day. (R. 7.) On February 8, 2006, Morrow filed a motion to remand to state court. (R. 10.)

## LEGAL STANDARDS

A defendant may remove a case to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a). Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004). The party seeking removal has the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," leading to a strong presumption in favor of remand. *Id.* If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## ANALYSIS

Section 1441 specifies that a notice of removal must be filed within thirty days of the filing of the complaint. While Chrysler acknowledges missing that deadline, Chrysler claims that its notice of removal was properly filed under 28 U.S.C. § 1446(b), which states, in relevant part:

---

[1] Neither party alleges the date when Morrow actually submitted his responses to the requests to admit. Rather, both parties rely on the December 16, 2005 filing date as the date when Chrysler received notice of Morrow's responses to Chrysler's requests to admit.

2

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. § 1446(b) (emphasis added). While Chrysler knew that the parties were diverse from each other,[2] Chrysler claims that it was not aware that Morrow was seeking damages in excess of $75,000 until December 16, 2005, when it received Morrow's responses to Chrysler's requests to admit. (R. 13, Resp. at 2.) On that date, Chrysler filed with the state court Morrow's responses to Chrysler's requests to admit, wherein Morrow denied that he sought damages against Defendants for an amount less than $75,000. (R. 1, Not. of Removal, Ex. D at ¶ 2.) Chrysler filed its notice of removal within thirty days after December 16, 2005.

In a personal injury and product liability action such as this one, Chrysler's protestations of ignorance as to the damages in this case are far-fetched. While Morrow's complaint states that it seeks damages in excess of $50,000, it also repeatedly alleges that:

> The seat breaking caused the Plaintiff to sustain injuries, both internally and externally, of a permanent and lasting nature, the Plaintiff was caused and will in the future be caused to endure pain and suffering in body and mind; further, in an endeavor to cure his said injuries, the Plaintiff was caused to and will in the future be caused to expend money for medical care; furthermore, the Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

---

[2] Morrow's argument that no diversity exists because Chrysler has two principal places of business—by virtue of the sales taxes it generates in Illinois—is pure folly. "[A]ll [courts] agree that corporations have one 'principal' place of business for purposes of 28 U.S.C. § 1332(c)(1). That [a corporation] does lots of business in Illinois is accordingly irrelevant, so long as the record reveals (as it does) that its 'principal' place of business is elsewhere." *Metropo. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). Morrow does not dispute that Chrysler is incorporated in Delaware with its principal place of business in Michigan. (R. 1, Not. of Removal, Ex. A, Compl. at ¶ 3.) The $145 million in sales taxes that Chrysler generates in Cook County does not give it a dual principal place of business in Illinois.

3

(R. 1, Not. of Removal, Ex. A, Compl. at 3, 4, 7, 10.) As this Court has previously held, the rules do not:

> obviate[] a defendant's responsibility to ascertain from a reasonable and commonsense reading of the complaint whether the action is removable. Nor does the Local Rule provide a safe harbor that encourages defendants to wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.

*McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (collecting cases). In *McCoy*, as in this case, the plaintiff alleged that he incurred lasting and permanent injuries, lost wages and profits, and suffered severe pain, emotional distress, and disability, among other injuries. *Id.* "In the parlance of product liability suits, these statements should sound warning bells in defendants' ears that significant damages are sought." *Id.* Thus, Defendants were on notice that the case was removable, and it should have removed within 30 days of receipt of the complaint.

Even if this Court gives Chrysler the benefit of the doubt that it was not on notice that the jurisdictional minimum was met in the complaint, Chrysler knew diversity jurisdiction existed on May 2, 2005, when Morrow's counsel issued a demand letter and package to Chrysler's counsel—copied to a representative of Johnson Controls—seeking settlement in the amount of

$2.5 million.[3] (R. 10, Mot. to Remand at ¶ 9, Ex. F.) Morrow contends that this demand letter constitutes "other paper" under 28 U.S.C. § 1446(b), pursuant to which Chrysler should have "first [] ascertained" that the case was removable to federal court. (R. 10, Mot. to Remand at ¶¶ 10-11.) Having failed to seek removal within thirty days of May 2, 2005, Morrow claims that Defendants are now barred from seeking removal. (*Id.* at ¶ 12.)

The Fifth Circuit is the only appellate court to have addressed whether a post-complaint settlement demand letter constitutes "other paper" within the meaning of 28 U.S.C. § 1446.[4] In *Addo v. Globe Life and Acc. Ins. Co.*, after considering a range of lower court decisions, the Fifth Circuit held that "a post-complaint letter, which is not plainly a sham, may be 'other paper' under

---

[3] Morrow also makes the non-winning argument that Defendants waived their right to remove since they have engaged in discovery. This argument goes against the plain language of 28 U.S.C. § 1446 which contemplates that the exchange of "other paper," may indicate a basis for removal of a case. The case cited by Morrow is inapposite. In *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, the district court held that a defendant will be deemed to have waived his right to removal if there has been a clear and unequivocal waiver on the part of the defendant, such as the defendant seeking some affirmative action or relief in the state court. 579 F. Supp. 1476, 1479 (C.D. Ill. 1984). Defendants' discovery in this case did not involve the state court, and thus Defendants' discovery did not waive their right to removal.

[4] While not directly deciding the meaning of "other paper," other appellate courts, including the Seventh Circuit, appear to agree that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something").

5

§ 1446(b)." 230 F.3d 759, 761-62 (5th Cir. 2000) (collecting cases).[5] The Fifth Circuit reasoned that its decision was "consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit. Further, this holding discourages disingenuous pleading by plaintiffs in state court to avoid removal." *Addo*, 230 F.3d at 762. Many district courts have followed suit, agreeing that settlement demand letters may constitute "other paper." *See, e.g., LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839, 849 (S.D. Iowa 2005); *Efford v. Milam*, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 200-01 (D. Conn. 2004); *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 599 (D. V.I. 2004); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); *Jamison v. Kerr-McGee Corp.*, 151 F. Supp. 2d 742, 745 (S.D. Miss. 2001).

Defendants cite to one unpublished Northern District of Illinois case in support of their claim that a settlement demand may not constitute "other paper" that gives notice to a party of grounds for removal to federal court under 28 U.S.C. § 1446(b). In *Hernandez v. Schering Corp.*, Judge Manning held that medical documents the defendants received in response to a subpoena did not constitute "other paper." No. 05 C 0870, 2005 WL 1126911, at *2 (N.D. Ill. May 5, 2005). Judge Manning, however, specifically held open the door to "papers that are part

---

[5] The Fifth Circuit found that a majority of lower courts ruled that a post-complaint settlement demand letter constitutes "other paper." *Id.* (citing *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 67 (E.D. Tex. 1997); *Sunburst Bank v. Summit Acceptance Corp.*, 878 F. Supp. 77, 82 (S.D. Miss.1995); *Rodgers v. Nw. Mut. Life Ins. Co.*, 952 F. Supp. 325, 327 (W.D. Va.1997); 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3732 (1998)).

6

and parcel of the State Court proceedings having their origin and existence by virtue of the State Court process." *Hernandez*, 2005 WL 1126911 at *2 (citations and quotations omitted). Unlike medical documents received in response to a subpoena, a settlement demand letter, such as the one issued by Morrow's attorney on May 2, 2005, "are part and parcel" of the state court proceedings. In light of the strong presumption in favor of remand, *Allied-Signal*, 985 F.2d at 911, this Court agrees with the weight of the case law that a post-complaint settlement demand letter constitutes "other paper" under section 1446(b).

Accordingly, Morrow's post-complaint demand letter was "other paper" which gave Defendants notice that the case was removable. Because Defendants did not, however, remove within thirty days of receiving that letter, Defendants' subsequent removal of this case was improper, and the Court thus grants Morrow's motion to remand.

## CONCLUSION

For the reasons set forth above, Morrow's Motion to Remand is GRANTED, and this case is remanded to state court for lack of federal jurisdiction, in accordance with 28 U.S.C. § 1447(c).

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: August 28, 2006

7